UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABORERS HEALTH & WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FOUR M'S CONSTRUCTION & BACKHOE, INC., <br><br> Defendant. | Case No. 22-cv-00872-DMR <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br> Re: Dkt. No. 59 |

Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, et al., move the court pursuant to Federal Rule of Civil Procedure 55(b)(2) for default judgment against Defendant Four M's Construction & Backhoe Inc. [Docket Nos. 59 (Mot.), 62 (Supp. Br.).] Plaintiffs seek unpaid employee fringe benefit contributions, liquidated damages and interest for delinquent contributions, attorneys' fees and costs, and an injunction requiring an audit of Defendant's books and records. For the following reasons, the motion is granted.[1]

## I. BACKGROUND

### A. Factual Allegations

Plaintiffs are the Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (the "Trust Funds"). Compl. ¶ II. Each of the Trust Funds, created by written Trust Agreements, is an employee benefit plan subject to the Labor Management Relations Act of

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 7, 11, 25.]

1   1947 ("LMRA"), 29 U.S.C. § 186, and a multi-employer employee benefit plan within the

2   meaning of the Employment Retirement Income Security Act of 1974 ("ERISA"), sections 3, 4,

3   and 502 of ERISA, 29 U.S.C §§ 1002, 1003, 1132.  *Id.*  [*See* Docket No. 59-1 (Sorensen Decl.

4   Dec. 29, 2023) ¶¶ 3, 4, Ex. A (Trust Agreement for Trust Funds).]  The Trust Funds are

5   administered by a Board of Trustees, which is authorized to sue on behalf of the Trust Funds.

6   Sorensen Decl. ¶ 4.

7       Plaintiffs allege that Defendant Four M's Construction & Backhoe Inc. ("Four M's") is an

8   employer as defined in ERISA, 29 U.S.C. §§ 1002(5), 1145, and that it is an employer in an

9   "industry affecting commerce" within the meaning of the LMRA, 29 U.S.C. § 185.  Compl. ¶ III.

10  Plaintiffs allege that Four M's became subject to the terms and conditions of the Northern

11  California AGC/Laborers' Master Agreement ("Master Agreement") by signing a Letter of

12  Understanding ("LOU") with the Northern California District Council of Laborers (the "Union")

13  on June 22, 2009 and a Memorandum Agreement ("MA") on June 17, 2009.  *Id.* ¶ IV; Sorensen

14  Decl. ¶ 8 Exs. C (Master Agreement 2014-2019), D (Master Agreement 2018-2023), E (signed

15  LOU), F (signed MA).  The Master Agreement incorporates the Trust Agreements establishing

16  each of the Trust Funds (the "Agreements").  Pursuant to the Agreements, Four M's promised that

17  it would contribute and pay to Plaintiffs the hourly amounts required by the Agreements for each

18  hour paid for or worked by any of its employees who performed any work covered by the

19  Agreements.  Compl. ¶ IV; Sorensen Decl. ¶¶ 9 10, Ex. C at ECF pp. 160-61 (§ 28A), Ex. D at

20  ECF pp. 217-18 (§ 28A).

21      The Trust Agreements authorize the Trust Funds to audit employer records to ensure

22  compliance with the Agreements.  Compl. ¶ V; Sorensen Decl. ¶ 12, Ex. A at ECF p. 23 (Art. IV,

23  § 7).  Under the terms of the relevant agreements, an employer that fails to provide contributions,

24  or provides them late, is subject to liquidated damages at the rate of $150.00 per month for each

25  month that contributions are delinquent, and a 1.5% monthly interest rate is applied to all unpaid

26  contributions until receipt of payment.  Compl. ¶ V; Sorensen Decl. ¶ 10, Ex. C at ECF pp. 160-61

27  (§ 28A), Ex. D at ECF pp. 217-18 (§ 28A).  The Trust Funds may also recover attorneys' fees and

28  costs in an action to enforce the Agreements and recover delinquent amounts due.  Sorensen Decl.

1   ¶ 13, Ex. A at ECF P. 21 (Art. IV, § 3).

2       Plaintiffs performed an audit of Four M's' books and records for the period October 2015
3   to September 2022. Plaintiffs calculated delinquent contributions totaling $338,809.48 for the
4   audit period. Compl. ¶ VII; Sorensen Decl. ¶ 14, Ex. G. Plaintiffs seek the amount of the unpaid
5   contributions plus interest and liquidated damages on both the unpaid contributions, as well as
6   attorneys' fees and costs. Compl. ¶ VIII.

### B. Procedural History

Plaintiffs filed the complaint in February 2022 and served Four M's with the summons and complaint in August 2022. [Docket No. 19 (Waiver of Service).] Four M's filed an answer to the complaint in October 2022. [Docket No. 26.] The parties participated in a court-ordered settlement conference before the Honorable Alex G. Tse in September 2023 but did not reach a settlement. [Docket No. 50.] Counsel for Four M's moved to withdraw and the court granted the motion on September 14, 2023, at a hearing at which Four M's' principal, David Mayhugh, appeared by telephone. [Docket No. 51.] The court ordered new counsel to appear on Four M's' behalf by October 13, 2023. *Id.* No new counsel appeared for Four M's and on November 1, 2023, the court struck its answer. [Docket No. 52.]

The Clerk entered Four M's' default on November 16, 2023 (Docket No. 56) and this motion followed. The court ordered Plaintiffs to file a supplemental brief clarifying their request for injunctive relief. Plaintiffs timely filed a brief. Supp. Br. The court held a hearing on February 21, 2024 at which Four M's did not appear.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). Whether to enter a judgment lies within the court's discretion. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986))).

Before assessing the merits of a default judgment, a court must ensure the adequacy of

3

service on the defendant, as well as confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### III. ANALYSIS

#### A. Jurisdiction

The court has subject matter jurisdiction over this case pursuant to 29 U.S.C. §§ 185(c) (empowering labor union organizations to sue employers in federal court) and 1132(e) (permitting ERISA plan fiduciaries to bring civil actions to enforce plan terms), and 28 U.S.C. § 1331 (federal question jurisdiction). *See U.A. Local No. 467 Pension Tr. Fund v. Hydra Ventures Inc.*, No. C-12-3746 EMC, 2013 WL 1007311, at *4 (N.D. Cal. Mar. 3, 2013) (holding that when a trustee of an ERISA trust fund brings a civil action to enforce the terms of an ERISA-governed plan, section 1132(e)(1) vests federal district courts with exclusive jurisdiction over the claim).

With respect to personal jurisdiction, ERISA fiduciaries may bring an enforcement action in the federal district court of any district "where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). This nationwide service of process provision permits a court to exercise personal jurisdiction over a defendant

anywhere in the United States, regardless of the state in which the court sits. *Vivien v. Worldcom, Inc.*, No. 02-cv-01329 WHA, 2002 WL 31640557, at *2 (N.D. Cal. July 26, 2002). Here, the Laborers Funds Administrative Office collects contributions and administers the Trust Funds in Pleasanton, California. Sorensen Decl. ¶ 1. Accordingly, the court properly exercises personal jurisdiction over the parties.

### B. Adequacy of Service

The court must also assess the adequacy of service of the summons and complaint on Four M's before evaluating the merits of the motion for default judgment. Here, Four M's waived service of the complaint. Waiver of Service. Federal Rule of Civil Procedure 4(d)(4) provides that "[w]hen the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." The court finds that service of the summons and complaint was properly effected on Four M's.

### C. Application of the *Eitel* Factors

Having found that the jurisdictional and service requirements are met, the court now turns to the *Eitel* factors to determine whether it should grant a default judgment. Turning to the first *Eitel* factor, Plaintiffs will suffer prejudice if the court does not enter a default judgment against Four M's because Plaintiffs otherwise have no means to recover the contributions to which they are entitled under the Agreements. *See Walters v. Shaw/Guehnemann Corp.*, No. C 02-04058 WHA, 2004 WL 1465721, at *2 (N.D. Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would leave them without a remedy."). Thus, the first factor weighs in favor of entering default judgment.

The second and third *Eitel* factors—the merits of Plaintiffs' substantive claim and the sufficiency of the complaint—also weigh in favor of default judgment. Plaintiffs' complaint pleads the elements of a claim on which they can recover. Plaintiffs seek relief for violation of ERISA, 29 U.S.C. §§ 1132, 1145, and breach of contract. *See* Mot. 8; Compl. ¶¶ I, VI-VIII. First, Plaintiffs' complaint pleads a claim for violation of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multi-employer plan" to make such contributions in accordance with the plan. Specifically, Plaintiffs have provided evidence that

5

Four M's entered into an agreement requiring it to make contributions to the Trust Funds and that Four M's failed to fulfill these obligations. Sorensen Decl. ¶¶ 8-11, 14. Plaintiffs have provided evidence supporting the amounts of unpaid and late-paid contributions, and the liquidated damages and/or interest owed on those amounts. *Id.* at ¶¶ 14-16, 18, Exs. G, H. Plaintiffs have also demonstrated that the Trust Agreements authorize them to seek an audit of Four M's books and records. Sorensen Decl. ¶ 12, Ex. A. Moreover, when a benefit plan secures a judgment under section 1145, section 1132(g)(2) entitles the plan to unpaid contributions, interest thereon, liquidated damages, reasonable attorneys' fees and costs, and any other equitable relief. In light of these factual allegations and the pertinent law, Plaintiffs have sufficiently stated a legal claim for relief that appears to have merit. *See Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., Inc.*, No. 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010).

With respect to the breach of contract claim, 29 U.S.C. § 185(a) permits Plaintiffs to sue for breaches of collective bargaining agreements. "Federal courts apply federal common law principles to determine the enforceability of contract provisions like liquidated damages provisions." *Bd. of Trustees, I.B.E.W. Loc. 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 216 (9th Cir. 1989)). Plaintiffs' complaint sufficiently alleges Four M's' contractual obligation to make contributions and breach of that obligation. *See generally* Compl.

As to the fourth *Eitel* factor, "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. 11-2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted). The total amount of damages, interest, and attorneys' fees and costs that Plaintiffs seek is **$736,902.23**, which is a sum that is authorized under the Trust Agreements and is tailored to Four M's' specific misconduct. This factor weighs in favor of granting default judgment.

The fifth and sixth factors—"the possibility of a dispute concerning material facts" and

6

whether the default was due to excusable neglect—weigh in favor of default judgment. *Eitel*, 782 F.2d at 1471-72. Four M's has not contested any of Plaintiffs' material facts. Furthermore, nothing in the record indicates that Four M's defaulted due to excusable neglect. The court granted counsel's motion to withdraw and gave Four M's 30 days to obtain new counsel. Four M's failed to substitute counsel by that deadline. Additionally, Plaintiffs served Four M's with submissions relating to the pending motion and Four M's failed to respond. [Docket Nos. 55, 57, 61.] *See Shanghai Automation*, 194 F. Supp. 2d at 1005.

Examining these facts in the aggregate, the court finds that the first six *Eitel* factors outweigh the seventh *Eitel* factor—that the Federal Rules of Civil Procedure favor decisions on the merits. *See Transamerican Life Ins. Co. v. Estate of Ward*, CIV S-11-0433 JAM EFB, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (finding that the policy favoring decisions on the merits does not by itself preclude entry of default judgment). The court therefore grants Plaintiffs' motion for default judgment.

**D.     Remedies**

Although the factual contentions of the operative complaint are accepted as true when determining the liability of a defaulting defendant, this rule does not apply to statements regarding damages. *See TeleVideo*, 826 F.2d at 917-18. To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see PepsiCo, Inc.*, 238 F. Supp. 2d at 1175 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18).

Under ERISA, an employee benefit plan that obtains a judgment in its favor in an action for unpaid contributions under 29 U.S.C. § 1145 is entitled to the following forms of relief:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal and State law) of the

      amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest on unpaid contributions is determined by using the rate provided under the plan. *Id.*

"It is settled Ninth Circuit law that [an award under Section 1132(g)(2)] is mandatory and not discretionary." *Operating Eng'rs Pension Trust v. Beck Eng'g & Surveying Co.*, 746 F.2d 557, 569 (9th Cir. 1984) (noting that the statutory language in Section 1132(g)(2) that "the court shall award the plan" unpaid contributions, interest, the greater of interest or liquidated damages, and reasonable attorneys' fees). For a mandatory award under section 1132(g)(2), three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award. *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (holding "mandatory fee [awards] are available under section 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent contributions themselves.'") (citation omitted); *see also Idaho Plumbers & Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989) (holding 29 U.S.C. § 1132(g)(2) is not applicable to late-paid contributions where no contributions were "unpaid" at the time of suit).

      **1.**    **Unpaid Contributions, Liquidated Damages, and Interest**

Plaintiffs seek unpaid contributions, liquidated damages, and interest on the unpaid contributions uncovered by the audit for the period October 1, 2015 through September 30, 2020. Mot. 9; Sorensen Decl. ¶ 14-16, 18. The balance due on the unpaid contributions is $338,809.48. Sorensen Decl. ¶ 14, Ex. G. Under the terms of the Trust Agreements, all unpaid contributions are delinquent and subject to a 1.5% interest rate per month, along with a liquidated damages fee of $150.00 per month for each month that contributions are untimely paid. Sorensen Decl. ¶¶ 15, 16, 18. Plaintiffs calculate $362,358.31 in interest and $10,650.00 in liquidated damages, although they seek only $750 in liquidated damages. *Id.* at ¶¶ 15, 16, Exs. G, H; Mot. 10 n.3. Therefore, for the category of unpaid contributions, Plaintiffs are entitled to a total award of **$701,917.79.**

Sorensen Decl. ¶ 18, Ex. H; 29 U.S.C. § 1132(g)(2)(A), (B), and (C).

### 2. Injunctive Relief

Plaintiffs seek an injunction requiring Four M's to submit to an audit for the period October 2020 to the present to determine the full amount of contributions owed to Plaintiffs. Compl. ¶¶ XII; Supp. Br. 2.

29 U.S.C. § 1132 provides that the court shall award "legal or equitable relief as the court deems appropriate" to a plaintiff that obtains a judgment under 29 U.S.C. § 1445, in addition to unpaid contributions and other remedies. 29 U.S.C. § 1132(g)(2)(E). The Supreme Court has held that where a collective bargaining agreement gives the Trustees of an employee benefit plan the right to audit an employer's books and records, it will be enforced. *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp. Inc.*, 472 U.S. 559, 581-82 (1985); *see also Bd. of Trs. v. KMA Concrete Constr. Co.*, No C 10-05831 LB, 2011 WL 4031136, at *8 (N.D. Cal. Aug. 12, 2011) *report and recommendation adopted*, No. C 10-05831 SC, 2011 WL 4031100, at *1 (N.D. Cal. Sept. 8, 2011) (recommending the district court retain jurisdiction to account for further delinquencies discovered by an audit after proper showing by the plaintiff).

Here, pursuant to Article IV, section 7 of the Trust Agreements, Plaintiffs have the right to compel an audit to ensure compliance with the Agreements:

> Upon receipt of a written request from the Board, an Individual Employer agrees to permit an auditor designated by the Board . . . to examine and copy books, records, papers, or reports of that Individual Employer necessary to determine whether that Individual Employer is making full and prompt payment of all sums required to be paid by him or it to the Fund.

Sorensen Decl. ¶ 12, Ex. A at ECF p. 23. Thus, Four M's is contractually obligated to submit to an audit of its financial records to ensure its compliance with the Agreements. Accordingly, Four M's shall submit to an audit of its records for the period October 2020 through the present.

### 3. Attorneys' Fees and Costs

A plaintiff who obtains a judgment for an ERISA claim under 29 U.S.C. § 1145 is entitled to "reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2)(D). Additionally, the Trust Agreements provide for recovery of attorneys' fees and

costs in an enforcement action.  Sorensen Decl. ¶ 13, Ex. A at ECF p. 10.

Plaintiffs ask for an award of $31,530.00 in fees, representing 117.90 hours of attorney and paralegal time expended in this case.  [Docket No. 59-2 (Angulo Decl. Dec. 29, 2023) ¶ 6, Ex. A.] The hourly rates requested for attorneys ranges from $105 to $350 per hour.  Angulo Decl. ¶¶ 7, 10, 12, 14, 16, 18, 21.  The hourly rate requested for paralegals is $150 per hour.  *Id*. at ¶ 22.

Plaintiffs have provided timesheets showing the time spent and tasks performed by the 11 timekeepers and have described in a declaration the level of experience and education of each attorney.  *Id*. at ¶¶ 2-5, 8-9, 11, 13, 15, 17, 19-20.  The court finds that the hours expended are reasonable, and that the hourly rates charged are reasonable San Francisco Bay Area rates for ERISA claims.  *See Oster v. Std. Ins. Co.*, 768 F. Supp. 2d 1026, 1035 (N.D. Cal. 2011) (approving hourly rate of $400.00 for associates and $150.00 for paralegals); *Langston v. N. Am. Asset Dev. Corp. Group Disability*, No. 08-2560 SI, 2010 WL 1460201, at *2 (N.D. Cal. Apr. 12, 2010) (approving hourly rate of $550.00 for partners and $150.00 for paralegals); *Bd. of Trustees v. Debruin Constr., Inc.*, No. 12-CV-05477-TEH, 2015 WL 708475, at *6-7 (N.D. Cal. Feb. 18, 2015) (approving hourly rates of $345.00 for shareholder and hourly rate of $145.00 for paralegal).  The court awards Plaintiffs **$31,530.00** in attorneys' fees.

The court will also award costs if "the prevailing practice in a given community [is] for lawyers to bill those costs separately from their hourly rates." *Trs. of Contrs. Indus. & Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (quotation marks omitted); *see* 29 U.S.C. § 1132(g)(2)(D).  Plaintiffs submit evidence that they have incurred $3,454.44 in costs in the action to date related to the filing fee, messenger service, copying fees, electronic research, investigation, and service of the summons and complaint.  Angulo Decl. ¶ 26, Ex. B.  The court finds that these costs are reasonable awards Plaintiffs **$3,454.44** in costs.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for default judgment is granted.  Plaintiff is awarded $701,917.79 for unpaid contributions, interest, and liquidated damages; $31,530.00 in attorneys' fees; and $3,454.44 in costs, for a total of **$736,902.23.**  The court also awards injunctive relief ordering Four M's to submit to an audit to determine the full amount of

1 contributions owed to Plaintiffs.

3 **IT IS SO ORDERED.**

4 Dated: February 23, 2024



Donna M. Ryu
Chief Magistrate Judge